IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

                                  Cr. No. 25-20324-TLP

DONTRELL BARBEE,

      Defendant.

---

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE BODY CAMERA VIDEO
CONTAINING HEARSAY STATEMENTS**

---

Defendant Dontrell Barbee, by and through counsel, respectfully moves this Court for an order precluding the Government from introducing body camera video depicting law enforcement officers interviewing a passenger who made statements against the Defendant concerning ownership of a firearm. The Defendant further seeks to preclude admission of any statements by law enforcement or other witnesses repeating or referencing hearsay statements of the passenger. The admission of this evidence would violate the Federal Rules of Evidence and the Confrontation Clause of the Sixth Amendment.

## I.      Introduction

Mr. Barbee is charged with violating 18 U.S.C. § 922(g) for possession of a firearm that was recovered from a vehicle. Officers conducted a traffic stop of a car occupied by four individuals, including the Defendant, who was a rear seat passenger. It is anticipated that the United States may seek to introduce body worn camera footage of law enforcement interviews of the front seat

passenger or call law enforcement to testify as to those statements.   It is unknown as of the time of this filing whether the passenger whose statements are at issue will be called to testify at trial.

## II. Argument

### A.   The Statement Is Inadmissible Hearsay

The passenger's out-of-court statement identifying Defendant as the owner of the firearm is offered for the truth of the matter asserted and is therefore hearsay under Federal Rule of Evidence 801(c). The Government cannot introduce this statement unless it falls within a recognized exception.  The statement is not a present sense impression or excited utterance where the record reflects that it was made in response to police questioning during an investigative stop. Nor does any other exception apply. Accordingly, it must be excluded under Rule 802.

### B.   Admission Would Violate the Confrontation Clause

Even if a hearsay exception were arguable, admission of the statement would violate the Confrontation Clause. The Supreme Court has held that testimonial statements of a witness who does not appear at trial are inadmissible unless the witness is unavailable and the defendant had a prior opportunity for cross-examination. Crawford v. Washington, 541 U.S. 36, 54 (2004). Statements made during police interrogation are testimonial when the primary purpose is to establish or prove past events potentially relevant to later criminal prosecution. Davis v. Washington, 547 U.S. 813, 822 (2006).   Here, the passenger's statement was made in response to police questioning during an investigation into possession of a firearm. Such circumstances strongly indicate a testimonial purpose. Because it is unknown whether the passenger will testify and Defendant has had no prior opportunity for cross-examination, admission of the statement would violate the Sixth Amendment.  The Sixth Circuit has consistently applied Crawford to

exclude testimonial hearsay offered through law enforcement witnesses. <u>See</u>, <u>e.g.</u>, <u>United States v. Cromer</u>, 389 F.3d 662, 671-672 (6th Cir. 2004) (excluding statements made to police identifying the defendant where the declarant did not testify).

**C.      Any Probative Value Is Substantially Outweighed by Unfair Prejudice**

Even if the statement were admissible, it should be excluded under Federal Rule of Evidence 403. The statement directly accuses Defendant of possessing the firearm and carries a substantial risk that the jury will give it undue weight, particularly because it is presented through police body camera footage. The inability to cross-examine the declarant exacerbates this prejudice.

## III.      CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court exclude any body camera footage or testimony relating to the passenger's out-of-court statement identifying Defendant as the owner of the firearm.

s/ CHRISTOPHER B. SULLIVAN
Assistant Federal Defender
200 Jefferson Avenue, Suite 200
Memphis, TN 38103
(901) 544-3895

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document was forwarded by electronic means via the Court's electronic filing system to Irris Williams, Assistant United States Attorney, 167 N. Main, Suite 800, Memphis, TN 38103, this 29th day of March, 2026.

s/ CHRISTOPHER B. SULLIVAN
Assistant Federal Defender